IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

YUMEITRIUS MANUEL,      )
           )
     Petitioner,      )
           )
    v.          )     Civil Action No. 2:13cv327-WHA
           )            (WO)
UNITED STATES OF AMERICA,  )
           )
     Respondent.     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 28 U.S.C. § 2255 motion is submitted on the pleadings, written submissions, and an evidentiary hearing.

### I.  BACKGROUND

On January 11, 2012, Yumeitrius Manuel ("Manuel") appeared before this court and pled guilty under a plea agreement to one count of conspiracy to file false claims, in violation of 18 U.S.C. § 286, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.  As consideration for Manuel's guilty plea, the Government agreed to dismiss three counts of the indictment charging him with false claims (*see* 18 U.S.C. § 287), five counts charging him with wire fraud (*see* 18 U.S.C. § 1343), and four other counts charging him with aggravated identity theft. In addition, the Government agreed to recommend at sentencing that Manuel receive a two-level reduction in his offense level for acceptance of responsibility and an additional one-level reduction for timely notifying authorities of his intention to plead guilty.  *See* U.S.S.G. § 3E1.1(a) & (b).  The Government also agreed that

a sentence at the bottom of the applicable guideline range was appropriate for the conspiracy count. The plea agreement contained a waiver provision whereby Manuel relinquished his right to appeal and collaterally attack his conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.

On August 8, 2012, before sentencing, the parties amended the plea agreement. The sole change was that the appropriate sentence for the conspiracy count would be the top, not the bottom, of the applicable guideline range. The district court sentenced Manuel to 81 months in prison, comprising 57 months for the conspiracy count[1] and a mandatory consecutive term of 24 months for the aggravated-identity-theft count. Manuel took no direct appeal.

On May 14, 2013, Manuel, proceeding *pro se*, filed this § 2255 motion. In it, he claims that his counsel rendered ineffective assistance by:

(1)    failing to file a notice of appeal after he asked counsel to do so;

(2)    failing to object to the district court's imposition of an obstruction-of-justice enhancement at sentencing; and

(3)    failing to seek recusal of the Office of the United States Attorney for the Middle District of Alabama because the U.S. Attorney for that office previously served as his counsel.

---

[1] Combining Manuel's adjusted offense level of 23 with his criminal history category of I produced an advisory guideline range of 46 to 57 months. Thus, the 57-month term imposed for the conspiracy count was at the top of the applicable guideline range, as provided in the amended plea agreement.

*Doc. No. 1* at 4-7*; see Doc. No. 9* at 6-16.[2]

This court set an evidentiary hearing on the issue of whether Manuel's former counsel, Laronda Renee Martin, rendered ineffective assistance by failing to file an appeal despite being asked to do so. The court appointed new counsel to represent Manuel at the evidentiary hearing, which was held on March 5, 2015. Both Manuel and Martin testified. Based on the evidence presented at the evidentiary hearing and the court's consideration of the parties' submissions and the record, the court concludes that Manuel's § 2255 motion should be denied.

## II.  DISCUSSION

### A.  General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that

---

[2] References to document numbers ("*Doc. No.*") are to those assigned by the Clerk of Court in the instant civil action. Page references are to those assigned by CM/ECF. References to exhibits (" *Gov. Ex.*") are to those filed by the Government with its response or admitted at the evidentiary hearing on the § 2255 motion.

could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

## B.  Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel must be evaluated using the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*.  (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both parts of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been established. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 1. Counsel's Failure to File Appeal

Manuel claims that Laronda Renee Martin, an attorney with the Office of the Federal Defender for the Middle District of Alabama who represented Manuel at sentencing,[3]

---

[3] During plea negotiations and at the January 2012 change of plea hearing, Manuel was represented by Carl Jackson Spence, who, like Martin, was an attorney with the Federal Defender's Office at that time. Before sentencing, Spence withdrew as Manuel's counsel upon leaving his employment with the Federal Defender. Martin entered a notice of appearance as Manuel's counsel on May 29, 2012, and she represented Manuel in all matters related to his sentencing, including the

(continued...)

rendered him ineffective assistance of counsel by failing to file a notice of appeal after he asked Martin to do so. *Doc. No. 1* at 4; *Doc. No. 9* at 6-12.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the United State Supreme Court held that *Strickland v. Washington*, 466 U.S. 668 (1984), applies to determine whether counsel was ineffective for failing to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 477. Regarding the first prong of *Strickland* – whether counsel's representation fell below an objective standard of reasonableness – the Supreme Court reaffirmed that "an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." *Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (11th Cir. 2005) (citing *Flores-Ortega*, 528 U.S. at 477). In such cases, prejudice is presumed, and the petitioner is entitled to a new appeal with no further showing.[4] *Flores-Ortega*, 528 at 483 ("The ... denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, ... demands a presumption of prejudice.").

Even if a client has not made a specific request of his counsel to file an appeal, counsel generally has a duty to "consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant in the defendant's position would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this

---

[3](...continued)
August 8, 2012, sentencing hearing.

[4] The Eleventh Circuit has held that these rules apply with equal force when a defendant waives some, but not all, of his appellate rights through a plea agreement. *See Gomez-Diaz*, 433 F.3d at 793-94 (applying *Flores-Ortega* in case of partial waiver of appeal rights).

particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480; *see also, e.g., Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007).

At the March 5, 2015, evidentiary hearing, Martin testified that Manuel never instructed her to file an appeal. Martin stated that if Manuel had asked her to file an appeal, she would have done so despite the appeal waiver in the plea agreement. In this regard, she noted that the Federal Defender's Office has filed many appeals despite such appeal waivers. She stated that, as was her standard practice, she discussed the effects of the waiver provision with Manuel prior to sentencing, advising him that the waiver allowed him to appeal claims of ineffective assistance of counsel and prosecutorial misconduct.

Evidence presented at the hearing showed that on August 14, 2012, Martin sent a letter to Manuel's home address advising him that any notice of appeal must be filed within 14 days after the district court's entry of judgment,[5] and that if he wanted to appeal he should notify her immediately, in which case her office would file a notice of appeal for him. *Evidentiary Hearing - Gov. Ex. No. 1*. Martin's letter also explained to Manuel the effects of his appeal waiver and discussed the advantages and disadvantages of an appeal by a defendant in Manuel's circumstances. *Id*.

Martin testified that she never received a response from Manuel regarding her letter.

---

[5] The district court entered judgment on August 15, 2012, seven days after the August 8, 2012, sentencing hearing. Consequently, Manuel had until August 30, 2012, to file a timely notice of appeal.

Nor, she said, did she ever receive any telephone calls or messages at her office from Manuel regarding his desire to appeal.

In contrast, Manuel testified at the evidentiary hearing that he informed Martin just before sentencing that he wanted to appeal. He also said that immediately after the sentencing hearing, in an antechamber of the courtroom, he told Martin he wanted to appeal his sentence as well as an issue regarding his prior representation by George Beck, Jr., who had since become the United States Attorney for the Middle District of Alabama.

Manuel also testified that he never received Martin's letter advising him to notify her if he wanted to appeal. He maintained that he telephoned the Federal Defender's Office three or four times after the sentencing hearing to check on the status of his appeal, but was always told by a secretary that Martin was out of the office.

Manuel's testimony regarding whether he instructed Martin to file an appeal conflicts with Martin's testimony on this issue, which requires the court to make a credibility determination taking into account the interests of the witnesses in the outcome of the proceedings, the consistencies or inconsistencies in their testimony, and their demeanor on the stand. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). Having carefully attended to the testimony presented at the evidentiary hearing, the witnesses' demeanor, and the record as a whole, the undersigned credits Martin's testimony that Manuel never instructed her to file an appeal. In this regard, the court finds that Martin had no incentive *not* to file an appeal had she been asked to do so. Conversely, the court finds

Manuel's testimony that he instructed Martin to file an appeal not to be credible.[6]  The court notes that Manuel testified at the evidentiary hearing that he told Martin that the sentencing issue he wished to appeal concerned his dissatisfaction that his sentence under the amended plea agreement had been effectively "enhanced" as a result of an obstruction-of-justice guideline enhancement imposed against his coconspirator Margaret Kirksey at her sentencing.  *See Discussion in Part II.B.2 of this Recommendation*.  However, elsewhere in his hearing testimony, Manuel appeared to maintain that at the time of his sentencing hearing he did not have knowledge of why Kirksey's sentence was enhanced.  This suggests that it was some time after the sentencing hearing that Manuel first learned of the basis of Kirksey's enhanced sentence and only then began to feel that his sentence was unfairly increased based on the Kirksey's actions.

Further, Manuel resided in Montgomery, and did not have a self-surrender date until October 11, 2012. Even if Manuel could not reach Martin by telephone, he acknowledged that he never went in person to the Federal Defender's Office to ensure that an appeal had been filed by Martin, because he had "a lot to do" on his case and was getting prepared for prison, and in any event he believed Martin was already handling his appeal. Manuel also testified that he telephoned the Federal Defender's Office several times after sentencing to "follow[ ] up to make sure" that an appeal had been filed. Thus, his stated reason for not

---

[6] In making its credibility determinations, the court recognizes that it is improper to determine credibility based on the "status" of a witness.  *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).  Thus, neither Manuel's status as a convicted felon nor Martin's status as a lawyer is determinative.

visiting the Federal Defender's Office in person after sentencing conflicts with his reason for making several telephone calls to that office. The court concludes that Manuel's desire to appeal is a product only of hindsight and was not a desire that he made known to Martin before or at the sentencing hearing, or at any point afterward when a timely appeal could have been filed.

Even if Manuel did not instruct Martin to file an appeal, Martin had a duty to consult with Manuel about an appeal if Manuel reasonably demonstrated an interest in appealing or if a rational defendant in Manuel's position would have sought an appeal. *Flores-Ortega*, 528 U.S. at 480. Adequate consultation means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. at 478; *Thompson*, 504 F.3d at 1206. Here, it is does not appear that Martin spoke directly to Manuel after the sentencing hearing about the advantages and disadvantages of appealing. However, those advantages and disadvantages were discussed in the letter that Martin sent to Manual on August 14, 2012. Manuel claims not to have received the letter. Assuming *arguendo* that Martin's post-sentencing letter to Manuel did not satisfy the standard for adequate consultation under *Flores-Ortega*, this court will look to whether Manuel reasonably demonstrated an interest in appealing, or if a rational defendant in Manuel's position would have sought an appeal. *Flores-Ortega*, 528 U.S. at 480.

As noted above, the court does not credit Manuel's testimony that he instructed Martin

to file an appeal.  There is no evidence to indicate that Manuel otherwise demonstrated an interest in appealing through some means less direct than an express instruction to Martin. Thus, the court finds that Manuel did not reasonably demonstrate an interest in appealing. *Id*.

For purposes of determining whether a rational defendant would have wanted to appeal, the Supreme Court in *Flores-Ortega* stated:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.  Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

528 U.S. at 486.

Here, Manuel was convicted on a plea of guilty under the terms of a plea agreement by which he expressly waived his right to appeal his conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct*.  See Gov. Ex. 2* at 6-7.  Such appeal waivers are valid if made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005) (internal citation omitted).  Manuel does not allege that the waiver in his case was unknowing or involuntary.  He further fails to set forth any non-frivolous, non-waived ground upon which he might have appealed.  He received the benefits of a plea agreement in which he bargained for dismissal of  twelve federal felony counts against him.  Moreover, by pleading guilty, he gained a total reduction of three levels

11

in his offense level for acceptance of responsibility and for timely notifying authorities of his intention to plead guilty.  He also received the sentence he bargained for as part of the plea, as he expressly agreed to the amended term that his appropriate sentence for the conspiracy count would be at the top, not the bottom, of the applicable guideline range.  Under these circumstances, the court finds that a rational defendant in Manuel's position would not have desired to appeal and that there were no circumstances known or knowable to attorney Martin from which she should have concluded that a rational defendant would want to appeal. *Flores-Ortega*, 528 U.S. at 480.

In sum, the court concludes that (1) Manuel did not instruct Martin to file an appeal; (2) Manuel did not reasonably demonstrate an interest in appealing; and (3) a rational defendant in Manuel's position would not have wanted to appeal.  Therefore, Martin did not render ineffective assistance of counsel by failing to file a direct appeal on Manuel's behalf. Manuel is not entitled to any relief based on this claim.

### 2.      *Obstruction-of-Justice Enhancement*

Manuel argues that Martin rendered him ineffective assistance of counsel by failing to object to the district court's imposition of an obstruction-of-justice enhancement at his sentencing.[7] *Doc. No. 1* at 5*; Doc. No. 9* at 12-14.  Manuel did not receive an obstruction-of-justice enhancement. However, he maintains that the district court imposed such an

---

[7] Section 3C1.1 of the sentencing guidelines calls for 2-level increase in a defendant's offense level where the defendant has "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction[.]"  U.S.S.G. § 3C1.1.

enhancement on him in the "guise" of an attempt to account for a potential disparity in his sentence and that of his coconspirator Margaret Kirksey, who received an obstruction-of-justice enhancement (for furnishing a false alibi) at her sentencing. *See Doc. No. 9* at 12-14.

Before sentencing, in assessing the terms of Manuel's original plea agreement and whether to accept the agreement, the district court expressed concerns over the fairness of Manuel's receiving a sentence for the conspiracy count at the bottom of the applicable guideline range (as called for in the original agreement), which would result in his receiving a lesser sentence than his no-more-culpable coconspirator Kirksey. *Gov. Ex. 3* at 4. In light of the district court's concerns, the parties renegotiated the plea agreement and agreed to amend it to provide that the appropriate sentence for Manuel on the conspiracy count would be the top, not the bottom, of the applicable guideline range. *Id*. at 5-6. This meant that Manuel's sentence for the conspiracy count would be 57 months, and not the originally recommended 46 months. The district court accepted the amended plea agreement, sentencing Manuel to 57 months for the conspiracy count and a (mandatory) consecutive term of 24 months for the aggravated-identity-theft count, for a total sentence of 81 months' imprisonment. *See id.* at 8.

Manuel maintains that the 11-month difference in his sentence under the original plea agreement versus the amended plea agreement amounted to a de facto enhancement of his sentence for (Kirksey's) obstruction of justice. *Doc. No. 9* at 12-14. However, the transcript of his sentencing hearing reflects that he understood the amended term of his plea agreement,

13

expressly assented to that amended term, and informed the district court in open court that he wished to go forward with his guilty plea even in light of the amendment. *Gov. Ex. 3* at 7. The district court had already indicated its reluctance to accept a plea agreement calling for Manuel to receive a lesser sentence than Kirskey, and Manuel faced the prospect of forfeiting other substantial benefits of his plea agreement if he were unwilling to renegotiate the issue of his guideline sentence for the conspiracy count. Under these circumstances, Manuel has demonstrated neither deficient performance by his counsel (for failing to object to an "obstruction-of-justice enhancement") nor resulting prejudice under the standard in *Strickland*. Manuel's argument here, although framed as a claim of ineffective assistance of counsel, is essentially an attempt to "back door" a substantive sentencing challenge to a ruling by the district court, something that is foreclosed by the waiver provision in his plea agreement. And his failure to establish ineffective assistance of counsel precludes his receiving collateral relief on this claim.

### 3. *Failure to Seek Recusal of U.S. Attorney's Office for Middle District of Alabama*

Manuel contends that his trial counsel rendered him ineffective assistance by failing to seek recusal of the Office of the United States Attorney for the Middle District of Alabama because the U.S. Attorney for the Middle District of Alabama, George Beck, Jr., previously represented him during part of the investigative stage of the case against him. *Doc. No. 1* at 7*; Doc. No. 9* at 14-16.

In July 2011, before charges were levied against Manuel, Beck, by then the U.S.

14

Attorney for the Middle District of Alabama, was formally recused from Manuel's case by the Department of Justice ("DOJ").  *See Gov. Ex. 6.*  The indictment reflects that Manuel was not charged under the authority of Beck, but rather under U.S. Attorney Thomas Anderson, acting under the authority conferred by 28 U.S.C. § 515,[8] and two attorneys from the DOJ's Tax Division. *Gov. Ex. 1* at 12. Beck did not participate in any matters affecting the prosecution of his former client.  Manuel's prosecution was overseen by the DOJ's Tax Division.  All substantive decisions, including the decision to charge Manuel, what charges to bring, the plea offer, and the Government's position at sentencing were made by attorneys with the DOJ's Tax Division, not by employees of the U.S. Attorney's Office for the Middle District of Alabama.

In any event, the law does not impute a conflict to other attorneys in a government office.  *See United States v. Caggiano*, 660 F.2d 184, 190-91 (6th Cir. 1981).  The generally accepted remedy is to disqualify the conflicted attorney, not all attorneys in the government office.  *United States v. Bolden*, 353 F.3d 870, 879 (10th Cir. 2003).

---

[8] 28 U.S.C. § 515(a) provides:

The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

28 U.S.C. § 515(a).

15

> While we have not addressed in a published opinion the circumstances of when it might be necessary to disqualify an entire U.S. Attorney's Office from representing the government, the Tenth Circuit has stated that "[d]isqualifying the entire [U.S. Attorney's] office from representing the government raises important separation of powers issues." *United States v. Bolden*, 353 F.3d 870, 875 (10th Cir. 2003). Furthermore, because "the disqualification of Government counsel is a drastic measure," the court stated that it could "only rarely – if ever – imagine a scenario in which a district court could properly disqualify an entire United States Attorney's office." *Id*. (internal quotation marks and alterations omitted). Similarly, the Second Circuit has stated that "[w]hile a private attorney's conflict of interest may require disqualification of that attorney's law firm in certain cases, such an approach is not favored when it comes to the office of a United States Attorney, or, a fortiori, to the Department of Justice as a whole." *United States v. Hasarafally*, 529 F.3d 125, 128 (2d Cir. 2008) (internal citations omitted).

*United States v. Sharma*, 394 Fed. App'x 591, 595 (11th Cir. 2010). Further, "[i]t does not materially advance Defendant's argument to contend, as he does, that this situation is 'extraordinary' because the affected attorney is the United States Attorney rather than a subordinate Assistant United States Attorney." *United States v. Goff*, 2009 WL 223369, at *2 (M.D. Ala. Jan. 29, 2009).

Because the conflicted government attorney, Beck, was recused from Manuel's case and there was no basis for imputing Beck's conflict to the entire U.S. Attorney's Office for the Middle District of Alabama, Manuel's trial counsel was not ineffective for failing to seek recusal of the U.S. Attorney's Office for the Middle District of Alabama. Counsel is not ineffective for failing to argue a meritless issue. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Manuel is not entitled to any relief on this claim.

### III. CONCLUSION

16

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Manuel be DENIED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 2, 2014.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*,

DONE, this 19th day of May, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE